FILED
 2010 May-20 PM 04:00
U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **SRB SERVICING, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Action No.  CV 09-S-359-NE |
| | ) |
| **MARK A. CHAMBLEE and** | ) |
| **PATRICIA J. CHAMBLEE,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM OPINION AND FINAL JUDGMENT**

Wachovia Bank, National Association ("Wachovia"), filed this case on February 24, 2009, asserting a claim against defendants Mark A. Chamblee and Patricia J. Chamblee for recovery on a promissory note.[1] SRB Servicing, LLC, Wachovia's successor in interest, was substituted as plaintiff on August 4, 2009.[2]

The case currently is before the court on plaintiff's motion for an order declaring that certain facts have been established,[3] and plaintiff's motion for summary judgment against defendants Mark A. Chamblee and Patricia J. Chamblee.[4] Defendants did not respond to either of those motions, despite being directed to do

---

[1] *See* doc. no. 1 (Complaint). Federal jurisdiction is founded on satisfaction of the requirements of the diversity statute, 28 U.S.C. § 1332. Plaintiff is a national banking association organized under the laws of the United States, with its principal place of business in the State of North Carolina, and defendants both are Alabama residents.

[2] *See* doc. no. 23.
[3] Doc. no. 25.
[4] Doc. no. 27.

so by this court.[5]  After both of those motions were filed, however, the court learned that defendants' attorney, Garland C. Hall, was no longer a member in good standing of the Alabama State Bar, and that he was not currently admitted to practice before this court.  Consequently, the court terminated Mr. Hall as counsel of record for defendants, stayed the case for a period of 30 days in order to allow defendants a reasonable time to obtain new counsel, and directed defendants to file a status report by April 29, 2010, detailing what efforts they had made to obtain a new attorney.[6]  No new attorney has appeared on behalf of defendants, and defendants did not file a status report detailing the efforts made to obtain a new attorney.  Accordingly, the court will proceed to analyze plaintiff's motions, despite the fact that the individual defendants are not currently represented by counsel.

## I. MOTION FOR FACTS TO BE DEEMED AS ESTABLISHED

Plaintiff requests the court to order pursuant to Federal Rule of Civil Procedure 36 that certain facts are established due to defendants' failure to respond to requests for admissions.  Rule 36(a)(1) states that:

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

---

[5]*See* order entered on January 29, 2010, requiring defendants to respond to plaintiff's motion for an order that facts be taken as established by February 12, 2010.  *See also* order entered on March 3, 2010, requiring defendants to respond to plaintiff's motion for summary judgment by March 24, 2010.

[6]*See* doc. no. 28.

>> (A) facts, the application of law to fact, or opinions about either; and
>
> (B) the genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1). "A matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). "A matter deemed admitted under this rule is conclusively established . . . ." Fed. R. Civ. P. 36(b).

Plaintiff served requests for admissions to defendants on November 12, 2009.[7] Defendants did not respond to those requests, despite being reminded of their obligation to do so by plaintiff's counsel.[8] Accordingly, plaintiff's motion for an order that facts be taken as established is due to be granted.

## II. MOTION FOR SUMMARY JUDGMENT

Relying upon the facts that have been "conclusively established" by defendants' failure to respond to plaintiff's requests for admissions, plaintiff seeks summary judgment in its favor pursuant to Federal Rule of Civil Procedure 56.

**A.     Standard of Review**

---

[7] *See* Exhibit 2 to doc. no. 25 (Plaintiff's First Combined Requests for Admissions, Interrogatories and Requests for Production of Documents).

[8] *See* Exhibit 3 to doc. no. 25 (December 23, 2009 letter from plaintiff's counsel to defendant's counsel, requesting defendants to comply with all outstanding discovery requests within seven days).

Federal Rule of Civil Procedure 56 provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In other words, summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). Inferences in favor of the non-moving party are not unqualified, however. "[A]n inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence, but is pure conjecture and speculation." *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1983). Moreover,

> [t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is *material* to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman*, 229 F.3d at 1023 (quoting *Haves*, 52 F.3d at 921) (emphasis supplied). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986) (asking "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law").

**B.    Summary of Facts**

Defendants admitted the following facts by virtue of their failure to respond to plaintiff's requests for admissions:

(a)   **REQUEST FOR ADMISSION NO. 1:**
The copy or copies of the each [sic] of the documents attached as Exhibits ("Loan Documents") to the Complaint are true, correct and genuine copies of the originals.

(b)   **REQUEST FOR ADMISSION NO. 2:**
The Defendants Mark A. Chamblee and Patricia J. Chamblee, each personally or through a duly authorized agent, did execute each of the Loan Documents, copies of which are attached as Exhibits to the Complaint.

(c)   **REQUEST FOR ADMISSION NO. 3:**
No payment has been made by You or Your duly authorized agent to Wachovia/SRB that has not been properly credited by Wachovia/SRB to the account of Defendants Mark A. Chamblee and Patricia J. Chamblee.

(d)   **REQUEST FOR ADMISSION NO. 4:**
Neither You nor any authorized agent acting on Your behalf has sent any written notice to Wachovia/SRB objecting to the terms or content of any of the Loan Documents.

(e)   **REQUEST FOR ADMISSION NO. 5:**

    (a)  The computations described in the complaint are accurate.
    (b)  The amounts described in the Complaint constitute the amounts due or to become due under the Loan Documents, exclusive of any additional default interest or late payment charges after February 19, 2009, attorney's fees and other collections costs.

  (f)  **REQUEST FOR ADMISSION NO. 6:**
The sum of $346,494.35 as of February 19, 2009, plus interest and attorney's fees, is due and owing from You to Plaintiff under the Note.

  (g)  **REQUEST FOR ADMISSION NO. 7:**
    (a)  Wachovia/SRB has demanded that You pay in full all sums due under the Loan Documents.
    (b)  You have failed and refused to pay in full the sums under the Loan Documents.

  (h)  **REQUEST FOR ADMISSION NO. 9:**[9]
There are no documents, writings, letters, or other documentation which You intend to utilize as evidence of, or a basis for, any defense in this action.

  (i)  **REQUEST FOR ADMISSION NO. 10:**
The facts as set in the Complaint are true and accurate.[10]

  The Loan Documents referenced in plaintiff's Requests for Admissions reveal that defendants, Mark A. Chamblee and Patricia J. Chamble each promised to pay plaintiff the sum of $340,091.00, and monthly payments of $3,148.40 first became due on November 5, 2006. The Promissory Note provides that a default of the Note

---

[9] There is no Request for Admission No. 8.

[10] Exhibit 2 to doc. no. 25 (Plaintiff's First Combined Requests for Admissions, Interrogatories and Requests for Production of Documents), at 9-10.

will occur upon the "failure of timely payment." In the event of a default, the Note provides plaintiff with the option to either foreclose its security interests in defendants' property, or to accelerate the maturity of the Note and declare all obligations under the Note immediately due and payable.[11]

## C.  Discussion

The facts set forth above establish that defendants, Mark A. Chamblee and Patricia J. Chamblee, have defaulted on their obligations to plaintiff under the Promissory Note executed on October 5, 2006.  Consequently, defendants owe plaintiff the amount of $346,494.35, plus attorney's fees, costs, and pre-judgment interest.

## III. CONCLUSION, ORDERS, AND FINAL JUDGMENT

In accordance with the foregoing, plaintiff's motion for an order that facts be taken as established is GRANTED.  It is ORDERED that all of the facts asserted in plaintiff's requests for admissions are deemed to be conclusively established for purposes of this litigation.

Plaintiff's motion for summary judgment also is GRANTED, and it is CONSIDERED, ORDERED and ADJUDGED that judgment be, and it hereby is,

---

[11] *See* plaintiff's Requests for Admissions Nos. 1 & 2; *see also* Exhibit A to Complaint (Promissory Note).  The Promissory Note actually was executed in favor of Wachovia Bank, National Association, but SRB Servicing, LLC, was substituted for Wachovia on August 4, 2009. *See* doc. no. 23.

entered in favor of plaintiff, SRB Servicing, LLC, and against defendants, Mark A. Chamblee and Patricia J. Chamblee, jointly and severally, in the sum or amount of Three Hundred Forty-Six Thousand Nine Hundred Forty-nine and 35/100ths Dollars ($346,949.35), plus attorney's fees in the amount of Fifty-One Thousand Nine Hundred Seventy-Four and 15/100ths Dollars ($51,974.15), plus pre-judgment interest accruing at the rate of $98.44 per day beginning on February 20, 2009, for a total pre-judgment interest amount of Forty-Four Thousand Seven Hundred Nine and 20/100ths Dollars ($44,790.20) through the date of judgment, for a total judgment amount of Four Hundred Forty-Three Thousand Seven Hundred Thirteen and 70/100ths Dollars ($443,713.70).

Costs are taxed as paid. The Clerk of Court is directed to close this file.

DONE this 20th day of May, 2010.

_____
United States District Judge